UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS LEFLOURIA, | ) | CASE NO. 1:17-cv-0157 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge George J. Limbert (Doc. No. 20 ["R&R"]) with respect to the request of plaintiff Curtis LeFlouria ("LeFlouria") for judicial review of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. The R&R recommends that the Commissioner's final decision be affirmed. Plaintiff filed a single objection to the R&R (Doc. No. 21 ["Obj."]) and the Commissioner filed a response (Doc. No. 22 ["Resp."]). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules LeFlouria's objection and accepts the R&R. The Commissioner's final decision is affirmed, and this case is dismissed and closed.

**I. PROCEDURAL BACKGROUND**

On March 24, 2014, LeFlouria protectively filed an application for DIB. (Doc. No. 12, Transcript ["TR"] 200.)[1] His alleged disability onset date was January 22, 2011, and his insured

---

[1] All page number references herein are to the page identification number generated by the Court's electronic docketing system.

status expired on December 31, 2011.[2] (*Id.* 81, 216.) The application was denied (*id.* 143-46) and LeFlouria requested a hearing before an administrative law judge ("ALJ") (*id.* 147-48).

On September 16, 2015, the ALJ conducted a hearing, where LeFlouria appeared and testified, represented by counsel. An impartial vocational expert ("VE") also testified. (*Id.* 93-132.) On October 6, 2015, the ALJ issued a written decision denying LeFlouria's claim. (*Id.* 76-88.) On September 23, 2016, the Appeals Council declined further review, rendering the ALJ's decision final. (*Id.* 69-71.)

On January 23, 2017, LeFlouria filed this lawsuit. In his brief on the merits, LeFlouria presented two issues for review:

(1) Whether the ALJ's physical RFC finding is supported by substantial evidence.

(2) Whether the ALJ should have called a medical expert or ordered a consultative examination given the fact there were no medical opinions of record.

(Pl. Br. on Merits [Doc. No. 15] at 1582.)

The R&R concluded that there was no error and the Commissioner's decision denying DIB should be affirmed. Gamble objects to the R&R's conclusion with respect to the second issue.

## II. STANDARD OF REVIEW

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42

---

[2] To be eligible for DIB under Title II of the Social Security Act, LeFlouria must present evidence that his disability existed prior to his date last insured, when his insured status expired. 42 U.S.C. § 423(c). LeFlouria alleged that his disability onset date was January 22, 2011. Therefore, his burden is to show that he was disabled between January 22, 2011 and December 31, 2011. That is the relevant period for judicial review.

2

U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quotation marks and citation omitted). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

### III. DISCUSSION

LeFlouria "specifically objects to the R&R's conclusion that [his] physical impairments are 'fairly minor' such that the ALJ could make a commonsense judgment about [his] functional capacity without the aid of any medical opinions." (Obj. at 1632 (citation omitted).) This objection relates to the following statement in the R&R, which the Court has placed in context:

> In the instant case, the ALJ explained that much of the medical evidence that was submitted was created after Plaintiff's date last insured and was not relevant to a finding of disability, and that the medical evidence, Plaintiff's activities of daily living, and the history of conservative treatment weigh against the finding of disability. **A review of the record supports that ALJ's finding as the medical evidence consistently shows that Plaintiff had *fairly minor* physical impairments and that his mental impairments were tied to substance abuse. Under these circumstances, it was appropriate for the ALJ to render a *commonsense judgment* about Plaintiff's functional capacity.**

(R&R at 1629, citing *Kizys v. Comm'r of Soc. Sec.*, No. 3:10 CV 25, 2011 WL 5024866, at *2 (N.D. Ohio Oct. 21, 2011) (internal record citations omitted; bolding and italics added).) LeFlouria argues that "[t]he R&R's conclusion that [his] physical impairments are 'fairly minor' is a factual error." (Obj. at 1633.)

3

LeFlouria fails to point out any actual error in the R&R; he only disagrees with it. In an attempt to show that it was error to conclude that his physical impairments were "fairly minor," LeFlouria points to hospital records from the Veterans Administration dated January 10, 2005 to May 15, 2014, which include a section called "Health Summaries." According to LeFlouria, one summary, dated July 7, 2010, indicates that he

> reported his daily activities depended on his pain level and if he has care assistance or not (TR [677]). He related **the need to use a walker** about one-half of the day most days; assistance getting into and out of the bathtub or shower; and that there are times he needed help getting on and off the toilet (TR [678]). He said if he was not able to get out of the bed, his caregiver would complete grooming for him in bed as well as provide a sponge bath (TR [678]). He was in need of assistance with dressing the lower half of his body (TR [678]). It was noted that he could walk without assistance of another person only within the home and that use of a walker was required for ambulation (TR [679]). **In addition to a walker, he also used a wheelchair when going out long distances** (TR [679]). He related only being able to walk 100 feet without taking breaks using his walker, and not every day (TR 680]). He used a wheelchair when going to church or in public and his caregiver will push him (TR [680]). Mr. LeFlouria attended physical therapy and performed at-home exercises to strengthen his back and hip (TR [622-23, 724-35]).

(Obj. at 1634-35 (internal record citations modified as to page numbers; bolding in objection).)

In LeFlouria's view, the fact that he reported needing to use a wheelchair and/or a walker in July 2010 reflects a severity of condition that precluded the light range of work found by the ALJ and suggested, at the very least, that he would be limited to sedentary work. He argues that the ALJ erred by failing to independently obtain a medical opinion to assist the ALJ in determining the proper residual functional capacity.

Plaintiff's objection provides no reference to any case law. No doubt, this is because case law would not support his assertion that the ALJ was required to obtain a medical opinion. In his brief on the merits submitted to the magistrate judge in support of this argument, LeFlouria cited *Landsaw v. Sec'y of H.H.S.*, 803 F.2d 211, 214 (6th Cir. 1986). (Pl. Br. on Merits at 1587.) But

*Landsaw* offers little support. In fact, it makes clear that "[t]he burden of providing a complete record . . . rests with the claimant." *Landsaw*, 803 F.2d at 214 (citing 20 C.F.R. §§ 416.912, 416.913(d)). "'[F]ull inquiry' does not require a consultative examination at government expense unless the record establishes that such an examination is *necessary* to enable the administrative law judge to make the disability decision." *Id.*, adopting *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (emphasis in original).

The question on judicial review of the Commissioner's disability determination is not whether the ALJ accounted for every detail in the record (such as, a single mention that the *claimant reported* use of a wheelchair and/or walker). The question is whether the ALJ's decision is supported by substantial evidence. Here, the ALJ outlined the basis for the decision with more than adequate explanation based on the record, including LeFlouria's medical records, which do not suggest impairments of the severity that LeFlouria claims.

In fact, the ALJ noted that "while there is a CT of the lumbar spine in April 2010 showing moderately advanced multilevel degenerative disc disease (Exhibit 5F, page 22), there are no further x-rays, MRIs or CT scans of the lumbar spine, which suggests, in and of itself, a lack of ongoing complaints." (*See* TR 84.) The exhibit referenced by the ALJ is the very same set of hospital records that LeFlouria claims were ignored with respect to his alleged wheelchair and/or walker use. The fact that a person uses a wheelchair or a walker, by itself, is proof of nothing. There must be objective evidence that suggests such use is medically necessary. At the very least, LeFlouria should be able to point to a doctor's or physical therapist's orders for a wheelchair or walker. *See Danko v. Colvin*, No. 5:14 CV 950, 2015 WL 5331240, at *14 (N.D. Ohio Sept. 9, 2015) ("although the physicians with whom Plaintiff treated acknowledged that Plaintiff *presented with* a cane or wheelchair, none of them prescribed the devices or rendered opinions as to any

5

resulting functional limitations or whether it was necessary for her to have the cane or wheelchair.") (emphasis added; record citation omitted).

Plaintiff's objection is overruled.

## IV. CONCLUSION

For the reasons set forth herein, LeFlouria's objection is overruled and the R&R is accepted. The Commissioner's decision is affirmed. This case is dismissed and closed.

**IT IS SO ORDERED**.

Dated: March 1, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**